1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BYRON WILLIAM BALDWIN,              No.  2:25-cv-0783-DC-SCR

12              Plaintiff,

13         v.                            ORDER

14    DAVID DRELLINGER, doing business as
      CALIFORNIA LEGAL DOCUMENT
15    PREPARATION,

16              Defendant.

17

18         Plaintiff is proceeding pro se in this action, which was accordingly referred to the

19    undersigned by Local Rule 302(c)(21).  Plaintiff has filed a motion for leave to proceed in forma

20    pauperis ("IFP") and submitted the affidavit required by that statute.  ECF No. 2; *see* 28 U.S.C.

21    § 1915(a)(1).  For the reasons detailed below, the undersigned recommends denying the motion.

22                        **I.    LEGAL STANDARD**

23         A court may authorize a person to proceed in an action without prepayment of fees if that

24    person "submits an affidavit that includes a statement of all assets…that the person is unable to

25    pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The federal IFP statute,

26    however, requires federal courts to dismiss such a case if the action is legally "frivolous or

27    malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from

28    a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the

1

1   complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The

2   Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-

3   rules-practice-procedure/federal-rules-civil-procedure.

4          Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

5   plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

6   court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

7   to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

8   sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

9   Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

10  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

11  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

14  court will (1) accept as true all of  the factual allegations contained in the complaint, unless they

15  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

16  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327.

17         The court applies the same rules of construction in determining whether the complaint

18  states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

19  must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

20  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

21  less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520

22  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

23  inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

24  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

25  to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,

26  556 U.S. 662, 678 (2009).

27         To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

28  state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has

2

1  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

3  678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

4  to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v.*

5  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

6                    **II.        COMPLAINT AND MOTION**

7          Plaintiff's Complaint names David Drellinger, doing business as California Legal

8  Document Preparation, as Defendant.  ECF No. 1 at 1.  The Complaint alleges that Drellinger was

9  hired to prepare legal documents in a wrongful foreclosure lawsuit, including *lis pendens*, an

10  application for a temporary restraining order, and a motion for a preliminary injunction.  *Id.* at 2.

11  Had they been properly prepared, Plaintiff argues he would have been granted certain protections

12  prior to the case's removal to federal court.  *Id.*  Drellinger instead deleted legal arguments

13  without Plaintiff's consent, failed to file the TRO application before the case's removal to federal

14  court, used the wrong state's forms, and hinged fixing mistakes on additional payment from

15  Plaintiff.  *Id.* at 2-3.

16          Plaintiff raises one claim for legal malpractice and negligence, and another for fraud and

17  deception.  *Id.* at 3.  Based on these claims, Plaintiff seeks $150,000 in compensatory damages,

18  plus unspecified punitive and statutory damages, an injunction barring Defendant from legally

19  preparing documents without proper certification, and attorney's fees and costs.  *Id.* at 4.

20          The IFP application asserts his sole source of income, renting out property on Airbnb,

21  earns him $750 per unspecified pay period.  ECF No. 2 at 1.  Plaintiff has only $12 in savings and

22  a 2002 Chevy Avalanche, but he does not detail any debts or expenses.

23                         **III.        ANALYSIS**

24          Plaintiff's application is vague as to his income by not specifying the pay period for which

25  he earns $750.  ECF No. 2 at 1.  Whether Plaintiff earns $750 per month or per week, particularly

26  for a self-priced service like renting property, is unclear.  *See id*.  More importantly, Plaintiff fails

27  to contrast this income against expenses like food, utilities, and rent or mortgage, whether for

28  himself or for any dependents.  *See id*. at 2.  The Court cannot determine the extent of any

financial harm that would occur if Plaintiff needed to pay filing fees.

Leave to proceed *in forma pauperis* is denied without prejudice. Should Plaintiff seek to proceed in this action, he must either pay the filing fee or file a completed IFP application within 30 days. Such application should detail Plaintiff's current assets, income, and expenses by category, as to demonstrate that Plaintiff cannot pay the filing fees for this action. *See* 28 U.S.C. § 1915(a)(1).

### IV.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) is DENIED with leave to reapply within 30 days or pay the required filing fee.

2. The Clerk of the Court is instructed to provide Plaintiff a blank IFP application form.

DATED: August 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE